IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ATLANTIC FOREST PRODUCTS LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-11-0241 |
| WM. M. YOUNG CO. LLC, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Atlantic Forest Products LLC ("Plaintiff") filed this lawsuit against Wm. M. Young Co., LLC ("Young"), Thomas Shea, Jr., Tyson Brumfield, and Kevin Doran (collectively "Defendants") alleging breach of contract, unjust enrichment, intentional and negligent misrepresentation, and reclamation of goods.  Plaintiff and Young are both wholesale distributors of lumber and related products, and the present dispute arose when Defendant Young placed various orders with the Plaintiff, received the goods it ordered, and never paid for those goods.  Defendants admit liability on the breach of contract claim, but argue that the remainder of the Plaintiff's causes of action are insufficiently pled and should therefore be dismissed.  This Court has reviewed the record, as well as the pleadings and exhibits, and finds that no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Defendants' Motion to Dismiss (ECF No. 9) is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Plaintiff Atlantic Forest is a limited liability wholesale lumber distributor, and is located in Baltimore City, Maryland. Compl. ¶¶ 1-2, ECF No. 1. Defendant Young is also a wholesale lumber distributor, and was, prior to the institution of this lawsuit, a customer of the Plaintiff. *Id.* ¶ 4. The individual defendants Thomas Shea, Jr., Tyson Brumfield, and Kevin Doran are, respectively, the Chief Executive Officer, Vice President, and Chief Financial Officer of the Defendant company. *Id.* ¶¶ 7-9.[1]

Young began purchasing lumber from Plaintiff in December, 1998, and generally followed a set procedure—a Young representative telephoned the Plaintiff to place an order; an employee of the Plaintiff would then generate an invoice which was sent to Young, and Young would pay that invoice within forty-five days from the date of each invoice. *Id.* ¶¶ 13-18. Between September 9, 2010 and December 16, 2010, Young placed fourteen orders for lumber with the Plaintiff. *Id.* ¶¶ 19-22. The lumber was delivered, but Young never paid. *Id.* ¶¶ 23-25. On December 21, 2010, Mr. Kevin Doran, the Chief Financial Officer of Defendant Young, telephoned the President of the Plaintiff company to advise that "Young was ceasing operations and shutting its doors, and could not and would not pay its outstanding bills, including the invoices." *Id.* ¶¶ 28-29. On December 23, 2010, counsel for

---

[1] Neither the Plaintiff's Complaint nor the Defendants' Motion and supporting papers contain any information regarding the identity of the shareholders of the corporate Defendant Young.

the Plaintiff wrote a letter to Mr. Doran demanding the immediate return of all lumber received by Young that had not been paid for. *Id.* ¶ 30; Ex. 3, ECF No. 1-4. Mr. Doran responded via electronic mail. He indicated that Young no longer had the lumber insofar as it was already sold to customers, and even in the event it had some remaining inventory, stated that "the bank owns it all . . . [t]itle passed upon delivery, not when sold, so I couldn't give it back if I had it!!!" Compl. Ex. 4, ECF No. 1-5.

On December 29, 2010, Young wrote a letter to the Plaintiff in which it advised that it owed approximately $5 Million to two of its secured creditors, that its debt exceeded the value of its assets, and that after a liquidation, Young did not anticipate that unsecured creditors would receive any payment.[2]  *Id.* ¶¶ 32-34; Ex. 5, ECF No. 1-6. This lawsuit followed.

In its Complaint, the Plaintiff alleges breach of contract (Count I); unjust enrichment (Count II)[3]; intentional misrepresentation (Count III); negligent misrepresentation (Count IV); and reclamation of goods (Count V) against Defendant Young. In Counts VI and VII, the Plaintiff alleges intentional and negligent misrepresentation against Defendants Shea, Brumfield, and Doran in their individual capacities.

The Defendants do not contest liability and take no issue with the breach of contract allegation asserted in Count I of the Plaintiff's Complaint—they admit the corporate Defendant Young breached the purchase order contracts insofar as it did not pay the

---

[2] The letter made no mention of any bankruptcy proceedings. Rather, it indicates that the corporate Defendant Young would "wind[ ] down its operations," liquidate its assets, and dissolve. ECF No. 1-6.

[3] In its Opposition, the Plaintiff acknowledges that the existence of a valid contract precludes a claim of unjust enrichment, and concedes that Count II should be dismissed.

3

fourteen invoices it received during the period between September 9, 2010 and December 16, 2010. *See* Defs.' Mem. at 1, ECF No. 9-1. The Defendants argue, however, that the Plaintiff's remaining claims are not factually supported in the Complaint. Specifically, they argue that the Plaintiff's Complaint is completely devoid of any supporting facts as required under Rules 8 and 9 of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, this Court "need not accept the legal conclusions drawn from the facts, and [this Court] need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet v. Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 1950.

## ANALYSIS

The Plaintiff argues that this case "arises out of the failure of a lumber wholesaler to pay for goods that it ordered, and a continuing pattern of fraud by the entity and its officers." Pl.'s Opp'n at 1, ECF No. 10. In its Complaint, the Plaintiff has adequately set forth plausible facts supporting the first clause in that statement, but has failed to set forth any particularized facts sufficient to state a claim under Federal Rule of Civil Procedure 8(a) (let alone Rule 9(b) which sets forth a heightened pleading standard for fraud claims) for the second clause in that statement. Essentially, the Plaintiff argues that by buying lumber on credit, and later failing to pay, the corporate Defendant Young not only breached its contracts with the Plaintiff, but the individual Defendants engaged in intentional and negligent fraud. Also, in Count V of its Complaint, the Plaintiff seeks to reclaim the goods it delivered to the Defendant Young. Each allegation will be addressed in turn.

### I.     *Intentional Misrepresentation Claims (Counts III and VI)*

To succeed on its intentional misrepresentation claim asserted in Count III of the Complaint, the Plaintiff must satisfy the heightened pleading standard for fraud claims under Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." These circumstances include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir.1999). A failure to comply with this rule is treated as a failure to state a claim under Rule 12(b)(6). *See id.* at 783 n. 5.

The Plaintiff argues that the intentional misrepresentations at issue in this case arose during the ordering process where Young's employees telephoned the Plaintiff to place lumber orders—the argument being that "Young, by placing its orders with Atlantic Forest and accepting the goods that Atlantic Forest shipped, represented to Atlantic Forest that Young was willing and able to pay for such goods." Compl. ¶ 45.  However, to recover for a claim of fraud or intentional misrepresentation under Maryland law, a plaintiff must show: "(1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation." *Nails v. S & R, Inc.*, 334 Md. 398, 415, 639 A.2d 660 (Md. 1994).  In its Complaint, the Plaintiff has not pled with specificity facts to support any of the requisite elements for its claim on intentional misrepresentation.  Indeed, aside from attaching the invoices associated with the fourteen lumber orders, the Plaintiff has not even identified any specific representations made by agents of the corporate Defendant Young that were allegedly false. In that vein, while the Plaintiff argues that "[t]he factual support for the falsity of Young's representation regarding payment is . . . the fact that Young did not actually pay for what it ordered," Pl.'s Opp'n at 8, the United States Court of Appeals for the Fourth Circuit has repeatedly recognized that allegations of "fraud by hindsight" do not satisfy the heightened pleading standards of Rule 9(b).  *See, e.g., Teachers' Retirement System of LA v Hunter*, 477 F.3d

162, 183 (4th Cir. 2007); *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir.1999).

Plaintiff's intentional misrepresentation claim against the individual Defendants in Count VI is even more conclusory and threadbare. The only allegation in the Complaint supporting this cause of action is Plaintiff's statement that each of the individual Defendants "at one time or another, either placed orders with Atlantic Forest that they knew Young could not and would not pay for, or directed employees of Young to place such orders with Atlantic Forest." Compl. ¶ 67. The Plaintiff has not alleged "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir.1999). Without more, the Plaintiff's attempt to hold the individual Defendants personally liable for the contracts breached by Young are insufficient. Accordingly, the Plaintiff's intentional misrepresentation claims (Counts III and VI) fail to state a claim upon which relief may be granted, and will be dismissed.

## II.   *Negligent Misrepresentation Claims (Counts IV and VII)*

The elements of a claim for negligent misrepresentation include: "(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement; (2) the defendant intends that his statement will be acted upon by the plaintiff; (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury; (4) the plaintiff, justifiably, takes action in reliance on the statement; and (5) the plaintiff suffers damage proximately caused by the defendant's negligence." *Griesi v.*

*Atlantic Gen. Hosp. Corp.*, 360 Md. 1, 756 A.2d 548, 553 (Md.2000). This Court has previously held that:

> Where a plaintiff asserts a claim for economic loss due to negligent misrepresentation, the injured party must prove that the defendant owed him or her a duty of care by demonstrating an intimate nexus between them. The intimate nexus may be satisfied by contractual privity or its equivalent. However, even where a contract exists, the court will look to the nature of the relationship to determine whether a duty in tort, in addition to a contractual duty, arises under the circumstances.

*Orteck Int'l, Inc. v. Transpacific Tire & Wheel, Inc.*, No. 05-2882-DKC, 2006 WL 2572474, at *19 (D. Md. Sept. 5, 2006) (citations and internal quotation marks omitted). Moreover, the Fourth Circuit has "made clear that [it] will not countenance a negligent misrepresentation claim premised only upon a breach of a contractual obligation when the contract does not provide for the bringing of such a claim and the parties are 'equally sophisticated.'" *Sun-Lite Glazing Contractors, Inc. v. J.E. Berkowitz, L.P.*, 37 F. App'x 677, 680 (4th Cir. 2002) (quoting *Martin Marietta Corp. v. Int'l Telecomm. Satellite Org.*, 991 F.2d 94, 98 (4th Cir. 1992)).

Notwithstanding the fact that the Plaintiff's negligent misrepresentation claim appears to be based entirely on a breach of a contractual allegation, the Plaintiff has failed to plead with specificity any of the elements of a negligent misrepresentation claim. For example, the Plaintiff does not identify a single allegedly false statement—let alone one that was asserted negligently. At best, Plaintiff's Complaint can be read to claim that the Young employees who telephoned the Plaintiff company to place lumber orders on behalf of Young were somehow negligent in failing to apprise the Plaintiff as to the status of the Young company's finances and ability to pay. This is not sufficient. As noted above, the Supreme Court has explained that a complaint must contain "more than labels and

9

conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  Here, with respect to the negligent misrepresentation claims against both the corporate Defendant Young, and the individual Defendants, the Plaintiff does not even include a formulaic recitation of the elements of that cause of action, and must therefore be dismissed as it does not state a "claim to relief that is plausible on its fact." *Id.* at 570.

### III.   Reclamation Claim (Count V)

In Count V, the Plaintiff seeks to reclaim all lumber it delivered that is still in the possession of the Defendant company pursuant to Section 2-702(2) of the Commercial Law Article of the Maryland Code.  The Defendants argue that the Plaintiff was informed on December 23, 2010 that the Defendant company no longer possessed the inventory, and that even if it had, title to that inventory had passed to Young's secured creditors.  *See* Compl. Ex. 4, ECF No. 1-5.  The Plaintiff responds, correctly, that the issue of possession and title of the goods in question is a factual issue that must be resolved in favor of the Plaintiff.  At this early stage in the litigation, the Plaintiff has adequately pled a cause of action for reclamation of goods, and Defendants' Motion to Dismiss will be denied with respect to Count V of the Complaint.

### CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss Counts II through VII of the Plaintiff's Complaint is GRANTED IN PART and DENIED IN PART.  Specifically, it is granted with respect to Counts II, III, IV, VI, and VII, and denied with respect to Count V.  Accordingly, this case will proceed on the Plaintiff's surviving claims against the corporate Defendant Young for breach of contract (Count I) and reclamation

(Count V) against the corporate Defendant Wm. M. Young Co., LLC, and the case is dismissed with respect to the individual defendants Thomas Shea, Jr., Tyson Brumfiled, and Kevin Doran.

A separate Order follows.

Dated:        December 19, 2011

                                                /s/_____
                                                Richard D. Bennett
                                                United States District Judge